NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA LAINEZ LEMUS, individually, and as natural parent and guardian of minor G.R.L; G.R.L., a minor,

      Plaintiffs - Appellants,

 v.

CLARK COUNTY SCHOOL DISTRICT,

      Defendant - Appellee,

and

Doctor JESUS F. JARA, individual and official capacity, RONNIE GUERZON, individual and official capacity, RAYMOND ORTIZ, individual and official capacity, BROOKE RAWLINS, individual and official capacity,

      Defendants.

No. 25-2699

D.C. No.
2:24-cv-00700-JAD-MDC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 10, 2026
Las Vegas, Nevada

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB, District Judge.[**]

G.R.L. was violently attacked by a fellow student, N.A., while attending school in the Clark County School District ("CCSD"). G.R.L. and her mother ("Plaintiffs") sued CCSD under § 1983 for a violation of the Due Process Clause of the Fourteenth Amendment. They advanced a state-created danger theory, alleging that CCSD knew that N.A. was violent and placed N.A. in a general education classroom setting pursuant to a policy, custom, or practice of placing violent students in such classrooms. The district court found that the alleged facts did not plausibly support Plaintiffs' state-created danger theory and granted CCSD's motion to dismiss Plaintiffs' second amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order granting a motion to dismiss for failure to state a claim. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). "To survive a motion to dismiss," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To succeed on a state-created danger claim, a plaintiff must establish

---

[**] The Honorable John W. Holcomb, United States District Judge for the Central District of California, sitting by designation.

that (1) a state actor's affirmative actions created or exposed him to 'an actual, particularized danger [that he] would not otherwise have faced,' (2) that the injury he suffered was foreseeable, and (3) that the state actor was deliberately indifferent to the known danger." *Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023) (alterations in original) (quoting *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133–34 (9th Cir. 2018)). Moreover, to prevail on a municipal liability claim, a plaintiff must show that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978)).

1. Plaintiffs' allegations do not support a reasonable inference that the danger of injury was foreseeable.[1] They have alleged one incident in which N.A. acted violently, which consisted of N.A. "calling a student 'fat b****,' threatening to beat another student up, throwing a lotion bottle at another student, and blocking a student's movement by blocking the door." On one other occasion, "N.A. was documented to have made a 'threat to [a] student,'" but there is no allegation

---

[1] Plaintiffs argue the district court improperly reached the issue of foreseeability sua sponte. But Plaintiffs raised the issue of foreseeability in their Opposition to the Motion to Dismiss, and they put foreseeability at issue by relying on the state-created danger theory, which has foreseeability as an element. *See Sinclair*, 61 F.4th at 680. Accordingly, the district court properly reached foreseeability.

regarding the nature of this threat. Both incidents occurred more than two years before N.A. attacked G.R.L. The other allegations related to N.A.'s behavioral history concern her insubordination to teachers; they do not involve violence or conflict with other students.[2]

Nor do Plaintiffs' allegations about N.A.'s mental health history support a reasonable inference that CCSD was aware that N.A. was violent. The complaint alleges that N.A. received in-patient treatment for several weeks in March and April 2021 for a "mental long term condition." It also alleges that she "was under a doctor's care that prevented her from attending school to start the 2021-2022 school year" until January 31, 2022, the day before she attacked G.R.L. But Plaintiffs alleged no facts suggesting that this mental health treatment was related to a history of or tendency toward violence. And Plaintiffs allege no facts about the nature of N.A.'s condition, nor of CCSD's perception of the nature of her condition, other than alleging that N.A.'s condition was "long term." The facts that Plaintiffs alleged are insufficient to have put CCSD on notice that placing N.A. in a general education classroom would pose a risk of physical violence to other students.

---

[2] The complaint also alleged that "CCSD documented" that N.A. "had a previous 'Bullying-Battery Student with Injury.'" As Plaintiffs' counsel recognized at oral argument, that allegation may refer to the summary of N.A.'s history on her expulsion report, which was filed *after* the attack on G.R.L., and which Plaintiffs' counsel conceded could be merely a reference to "the incident that brought us here."

2. "A plaintiff seeking to establish municipal liability" under § 1983 "must demonstrate . . . that the government 'had a deliberate policy, custom, or practice that was the "moving force" behind the constitutional violation he suffered.'" *Gravalet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (quoting *Galen*, 477 F.3d at 667). "To meet this requirement, the plaintiff must show both causation-in-fact and proximate causation." *Id.* Even assuming, as the district court did, that CCSD had a policy of placing violent students in general education classrooms, Plaintiffs did not plausibly allege that this policy was the but-for cause of the attack. As discussed, the facts do not support a reasonable inference that CCSD considered N.A. to be a violent student at the time that CCSD placed her in a general education classroom. Thus, the alleged facts do not support a reasonable inference that CCSD placed N.A. in a general education classroom pursuant to the alleged policy regarding placement of violent students.

3. "[T]o make out a successful claim under the state created danger doctrine, a plaintiff must allege facts sufficient to establish that the defendant acted 'with "deliberate indifference" to a "known or obvious danger."'" *Sinclair*, 61 F.4th at 680 (quoting *Hernandez*, 897 F.3d at 1133). That "stringent standard of fault" requires that the defendant "recognize[] the unreasonable risk and actually intend[] to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Id.* (alterations in original) (first quoting *Hernandez*, 897 F.3d at 1135;

and then quoting *Herrera v. L.A. Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021)).

The alleged incidents of N.A.'s misbehavior are insufficient to allege plausibly that CCSD had notice of the danger that N.A. posed to other students at the time that CCSD placed her in a classroom with G.R.L.  Thus, Plaintiffs have not pleaded sufficient facts to allege plausibly that CCSD "recognize[d] the unreasonable risk."  *Id.* (quoting *Herrera*, 18 F.4th at 1158).  And plaintiffs have pleaded no other facts that could support a plausible allegation that CCSD "actually intend[ed] to expose the plaintiff[s] to such risks."  *Id*.

**AFFIRMED**.